IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                              PLAINTIFF/RESPONDENT

V.                          Criminal No. 5:13-cr-50096-PKH-MEF-1
                            Civil No. 5:17-cv-05030-PKH-MEF

ALAN W. BERGER                                        DEFENDANT/PETITIONER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct a Sentence by a Person in Federal Custody filed February 13, 2017.  (Doc. 66)  The United

States filed its response on March 13, 2017.  (Doc. 71)  Petitioner filed a reply on May 10, 2017.

(Doc. 77)  The matter is ready for Report and Recommendation.

### I. Background

On April 14, 2004, Defendant/Petitioner, Alan W. Berger ("Berger"), was convicted in the

Southern District of Texas of Use of Means of Interstate Commerce to Persuade a Minor to Have

Sex, in violation of 18 U.S.C. § 2422(b).  (See Case No. 5:08-cr-50041-PKH, Doc. 1-3, Judgment)

Berger was sentenced to 60 months imprisonment and a term of 10 years of supervised release.  (Id.)

Jurisdiction of Berger's supervised release was transferred to the Western District of Arkansas on

June 12, 2008.  (5:08-cr-50041-PKH, Doc. 1)

On February 11, 2013, a Petition for Warrant or Summons for Offender Under Supervision

was filed alleging Berger violated a term of his supervised release, and upon Order of the Hon. Jimm

Larry Hendren, U.S. District Judge, an Arrest Warrant was issued.  (5:08-cr-50041-PKH, Docs. 13,

14)  Berger was arrested on the same date.  (5:08-cr-50041-PKH, Doc. 15)  Berger had his initial

appearance before the Hon. Erin L. Setser, U.S. Magistrate Judge, on February 12, 2013, at which time Bruce Eddy ("FPD Eddy"), Federal Public Defender for the Western District of Arkansas, was appointed to represent Berger, and Berger requested a preliminary hearing and detention hearing. (5:08-cr-50041-PKH, Doc. 16)  These hearings were held by Judge Setser on February 14, 2013. The Court found probable cause to support Berger's violation of his supervised release, and Berger was detained pending his revocation hearing.  (5:08-cr-50041-PKH, Doc. 20)

On April 24, 2013, Berger was named in a one count Indictment filed under case number 5:13-cr-50049.  (See 5:13-cr-50049-JLH, Doc. 1)  The Indictment charged Berger with one count of Online Coercion or Enticement of a Minor, in violation of 18 U.S.C. § 2242(b), for an offense allegedly occurring between February 6 - 10, 2013.  Berger appeared for arraignment before Judge Setser on April 30, 2013, at which time he entered a plea of not guilty to the Indictment and a trial date was set on June 24, 2013.  (5:13-cr-50049-JLH, Doc. 5)  On June 10, 2013, Berger requested a continuance of the trial date (5:13-cr-50049-JLH, Doc. 11), and the trial date was continued to July 29, 2013 (5:13-cr-50049-JLH, Doc. 12).  On July 16, 2013, the Government requested a continuance of the trial date (5:13-cr-50049-JLH, Doc. 13), and the trial was continued to September 16, 2013 (5:13-cr-50049-JLH, Doc. 15).  By Text Only Order entered on September 6, 2013, the trial date was cancelled, and a change-of-plea hearing was set on September 18, 2013.  Based on an agreement of counsel, that hearing was then continued sine die on September 18, 2013.  (5:13-cr-50049-JLH, Doc. 19)  A Text Only Order rescheduled the trial date on October 4, 2013.  Berger sent a letter to the Court on September 23, 2013 seeking appointment of new counsel.[1]  (5:13-cr-50049-JLH, Doc. 21)

---

[1] Based on Berger's letter, defense counsel filed a motion requesting a hearing be scheduled on Berger's request for new counsel.  (5:13-cr-50049-JLH, Doc. 20)

A hearing on Berger's request for the appointment of new counsel was held on September 30, 2013, and his request was denied. (5:13-cr-50049-JLH, Doc. 22) Once again, a Text Only Order cancelled the trial date and scheduled a change-of-plea hearing on October 4, 2013. Stating that "on multiple occasions, the Defendant, having previously expressed an understanding of counsel's advice regarding the instant proceedings, has shortly thereafter communicated a lack of understanding of such proceedings," and that "[d]espite counsel's best efforts to communicate with the Defendant, any understanding that has previously been reached between counsel and the Defendant has been quickly renounced by the Defendant's claims of misunderstanding," FPD Eddy on October 2, 2013 filed a motion for a competency examination. (5:13-cr-50049-JLH, Doc. 23) Judge Hendren conducted a hearing on that motion on October 4, 2013. (5:13-cr-50049-JLH, Doc. 27) Upon questioning Berger, Judge Hendren noted Berger was "oscillating back and forth" about his intent to go forward with the plea agreement he had signed; that Berger was "clearly able" to communicate with his counsel to assist in his defense; that Berger's misunderstanding or confusion related to the plea negotiations, not his trial rights; and, that there was no basis to order a competency examination. (5:13-cr-50049-JLH, Doc. 28, pp. 10, 14, 16-18) The Government filed a motion to dismiss the Indictment on October 4, 2013, and the motion was granted that day. (5:13-cr-50049-JLH, Docs. 25, 26) Berger remained in custody pursuant to the detention order based on his supervised release violation. (5:13-cr-50049-JLH, Doc. 28, p. 21)

On October 30, 2013, Berger was named in the Indictment filed in the instant matter. (Doc. 1) The Indictment charged Berger with one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), for an offense allegedly occurring on June 8, 2012. Berger was arraigned on November 4, 2013 by Judge Setser, at which time he entered a plea of not

guilty to the Indictment, and FPD Eddy was again appointed as defense counsel. (Doc. 6, Text Only Minute Entry) Berger was informed at arraignment that if convicted of the charge he faced "a term of imprisonment up to 10 years … [and] if the defendant has been convicted of a prior sexual offense, there are increased penalties of a mandatory minimum of 10 years, [and] a maximum of 20 years." (Doc. 69, pp. 4-5) Berger acknowledged that he understood the possible penalties. (Doc. 69, p. 5) A trial date was set for January 13, 2014. (Doc. 6; Doc. 69, p. 5)

On December 27, 2013, Berger filed a Motion to Suppress. (Doc. 14) Berger challenged the seizure of his external hard drive by U.S. Probation and its subsequent forensic examination by Homeland Security Investigations. (Id.) On January 8, 2014, Judge Setser issued a Report and Recommendation in which she recommended that Berger's motion be denied. (Doc. 24) On January 16, 2014, after conducting a de novo review and addressing the parties' objections to the Report and Recommendation, the Hon. P. K. Holmes, III, Chief U.S. District Judge, entered an Order denying the motion. (Doc. 30)

On January 17, 2014, Berger appeared with counsel before Chief Judge Holmes for purposes of a change of plea. (Doc. 32) A written Plea Agreement was presented to the Court, and Berger pleaded guilty to the Indictment pursuant to a conditional plea, in which he reserved the right to appeal the denial of his motion to suppress. (Doc. 33, ¶¶ 1, 2) The Plea Agreement specifically notified Berger that he faced "a maximum term of imprisonment for 10 years, if however, it is discovered that the defendant has a qualifying prior conviction, the penalty range is a minimum of 10 years and a maximum of 20." (Doc. 33, ¶ 11) The Plea Agreement also contained the Government's recommendation that "a sentence of ten (10) years is reasonable in this case," and that the sentence imposed should run concurrent to any sentence received for Berger's supervised release

violation.  (Doc. 33, ¶ 19(b))  Both parties "acknowledge[d] that this agreement is not binding on the District Court and does not provide a basis to withdraw a plea if the Court does not sentence the defendant pursuant to the agreement."  (Id.)

During the change of plea hearing, the Court inquired of Berger if he was being treated "for *any mental illness* or addiction," to which Berger replied, "[n]o, sir. I do take Ritalin for attention deficit disorder."  (Doc. 70, p. 3)  The Court then inquired if the Ritalin or his disorder affected his ability to understand the proceedings, to which Berger answered, "[n]o, sir."  (Id.)  Later in the hearing, and prior to accepting a plea, the Court advised Berger that "[b]y entering a plea of guilty to Count I of the Indictment, you could be looking at a maximum term of imprisonment for 10 years, unless you have a qualifying prior conviction, in which case the penalty range would be a minimum of 10 years and a maximum of 20 years."  (Doc. 70, p. 7)  After reviewing Berger's rights, confirming the conditional nature of the plea, and receiving a factual basis for the plea, Berger formally entered his plea of guilty to the Indictment.  (Doc. 70, p. 13)  The Court accepted Berger's plea and ordered a Presentence Investigation Report ("PSR").  (Doc. 32)

An initial PSR was prepared by the United States Probation Office on March 25, 2014.  (Doc. 35)  On March 27, 2014, the Government advised that it had no objections to the initial PSR.  (Doc. 36)  On April 7, 2014, Berger advised that he had one objection to the initial PSR, and he requested that the following additional information be added to Paragraph 21 of the PSR: that "USPO McKinney told Mr. Berger after the seized items were examined that there was no child pornography found.  It was over a year later that Mr. Berger was told that child pornography had been located, and he was indicted."  (Doc. 37)  The Probation Officer made the requested addition to the PSR.  (Doc. 40-1)

On April 11, 2014, retained counsel, Erwin L. Davis ("Davis"), entered an appearance on behalf of Berger. (Doc. 38) FPD Eddy was permitted to withdraw as counsel of record by Text Only Order entered on April 14, 2014.

A final PSR was submitted to the Court on April 14, 2014. (Doc. 40) Berger's offense of conviction resulted in a Base Offense Level of 18. (Doc. 40, ¶ 33) Specific offense characteristics enhancements were added: two levels because the material involved a prepubescent minor who had not attained the age of 12 years (Doc. 40, ¶ 34); four levels because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence (Doc. 40, ¶ 35); two levels because the offense involved the use of a computer (Doc. 40, ¶ 36); and, three levels because the offense involved at least 150, but fewer than 300, images (Doc. 40, ¶ 37). After a three-level reduction for acceptance of responsibility, Berger's Total Offense Level was determined to be 26. (Doc. 40, ¶¶ 43-45) Berger's criminal history score of five placed him into Criminal History Category III. (Doc. 40, ¶ 51) The statutory range for the offense of conviction called for a mandatory minimum of 10 years and a maximum of 20 years imprisonment. (Doc. 40, ¶ 76) Based upon a Total Offense Level of 26, and Criminal History Category III, Berger's advisory guideline range was determined to be 78 to 97 months imprisonment; however, pursuant to U.S.S.G. § 5G1.1(c)(2) the sentence cannot be less than the statutorily authorized minimum sentence, therefore the Guidelines range is 120 months. (Doc. 40, ¶ 77)

Davis filed two motions on behalf of Berger on July 17, 2014: a Motion to Withdraw Guilty Plea (Doc. 44) and another Motion to Suppress (Doc. 45). Both motions were based on the United States Supreme Court's ruling in *Riley v. California*, — U.S. —, 134 S.Ct. 2473, 189 L.Ed.2d 430 (2014), which held that a warrant was required for the search of cell phone data. This ruling, Berger

argued, required the Court's reconsideration of his earlier motion to suppress, and it provided a fair and just reason to withdraw his guilty plea. The Government argued that Berger had a diminished expectation of privacy in his home and belongings be virtue of being on supervised release and subject to unscheduled visitations by the U.S. Probation Office, and further, that Berger had consented to the search of the external hard drive. (Doc. 47, pp. 4-5) In an Opinion and Order entered on August 1, 2014, the Court denied both of Berger's motions. (Doc. 48) The Court reasoned that the external hard drive at issue was not seized incident to arrest, but on reasonable suspicion that Berger was violating the terms and conditions of his supervised release by possessing internet capable software, so Berger's reliance on *Riley* was misplaced. (Doc. 48, p. 7) The Court further found "Berger gives no reason for the Court to reconsider" its earlier finding that Berger consented to the search of the external hard drive. (Id.)

Berger appeared for sentencing and revocation hearing on September 30, 2014. (Doc. 49) The Court made inquiry that Berger was not under the influence of alcohol or drugs and was able to comprehend the proceedings; that he was satisfied with his counsel; Berger admitted violation Nos. 1, 2, 3, and 4 of the Amended Petition filed April 3, 2014; the PSR was reviewed in open court; Berger and his counsel were afforded the opportunity to speak and make a statement; and, the Court then imposed sentence and revocation of supervised release as follows: 10 months imprisonment for the supervised release violation (in 5:08-cr-50041-PKH), to run concurrent with the sentence of 120 months imprisonment in the instant case, 10 years supervised release, no fine, and a $100.00 special assessment. (Doc. 49) Judgment was entered by the Court on October 1, 2014. (Doc. 51)

Berger timely filed an appeal to the Eighth Circuit Court of Appeals. (Doc. 53) He argued that this Court erred in denying his motion to suppress, and he contended that the forensic

examination of the external hard drive confiscated from his house extended beyond the scope of the consent form he signed.  (Doc. 63-1, p. 5)  In an Opinion filed on May 26, 2016, the Eighth Circuit found that the facts of the case and the totality of the circumstances justified the scope of the search, and that it was objectively reasonable to believe Berger's consent to search included consent to forensically examine the external hard drive on which the child pornography was found.  (Doc. 63-1, p. 6)  The Eighth Circuit's Mandate was issued on June 28, 2016.  (Doc. 63)

Berger filed a Petition for Writ of Certiorari to the United States Supreme Court on August 25, 2016.  (Doc. 64)  The petition was denied on October 27, 2016.  (Doc. 65)

On February 13, 2017, Berger filed his *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Motion").  (Doc. 66)  The Motion raises four grounds for relief: (1) ineffective assistance of counsel for failure to argue a speedy trial violation; (2) a vague allegation challenging the validity of his plea agreement based upon "much confusion" regarding the possible sentence; (3) violation of his Fourth Amendment rights due to U.S. Probation conducting an illegal search and seizure; and, (4) ineffective assistance counsel for failure to present mental health issues in mitigation at sentencing.  The United States' response was filed on March 13, 2017.  (Doc. 71)  Berger filed a reply on May 10, 2017.  (Doc. 77)

## II.  Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  "If the court

finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Berger's Motion and the files and records of this case conclusively shows that Berger is entitled to no relief, and the undersigned recommends the denial and dismissal of Berger's Motion with prejudice without an evidentiary hearing.

### A. Ineffective Assistance Of Counsel Claims

To prove a claim of ineffective assistance of counsel, Berger must demonstrate both that his counsel's performance was deficient, and that counsel's deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish the deficient performance prong of the *Strickland* test, Berger must show that his counsel's representation fell below the "range of competence demanded of attorneys in criminal cases." *Id*. at 688. Review of counsel's performance is deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689. To establish the prejudice prong of the *Strickland* test, Berger must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Berger pleaded guilty to the offense of conviction. When a guilty plea is entered by the movant, the focus of a collateral attack must remain limited to the nature of counsel's advice and the voluntariness of the guilty plea. *Bass v. United States*, 739 F.2d 405, 406 (8th Cir. 1984), citing

-9-

*Tollett v. Henderson*, 411 U.S. 258, 266, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).  As the Court in

*Tollett* eloquently observed:

> ". . . a guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  *He may only attack the voluntary and intelligent character of the guilty plea* by showing that the advise he received from counsel was not within the standards set forth in *McMann*[2].

> A guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to the charge . . . And just as it is not sufficient for the criminal defendant seeking to set aside such a plea to show that his counsel in retrospect may not have correctly appraised the constitutional significance of certain historical facts, (internal citation omitted) it is likewise not sufficient that he show that if counsel had pursued a certain factual inquiry such a pursuit would have uncovered a possible constitutional infirmity in the proceedings."  *Id*. at 267. (Emphasis added.)

The rationale and ruling of *Tollett*, while a decision concerning a state prisoner's habeas

claims, has been adopted by the Eighth Circuit for application to motions made by federal prisoners

under 28 U.S.C. § 2255.  *See Bass*, 739 F.2d at 406.

The standard for determining the validity of a guilty plea remains whether it "represents a

voluntary and intelligent choice among the alternative courses of action open to the defendant."

*North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), citing *Boykin v.

Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), *Machibroda v. United States*,

---

[2] *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) (If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not "within the range of competence demanded of attorneys in criminal cases.")

368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), and *Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)). A defendant has a heavy burden to overcome those admissions and show that his guilty plea was involuntary. *See Blackledge v. Allison*, 431 U.S. 63, 72-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

Berger was represented by experienced counsel, FPD Eddy through the change of plea, and then retained counsel, Erwin Davis, at sentencing. Prior to the change of plea hearing, FPD Eddy had represented Berger in his supervised release revocation proceedings (in 5:08-cr-50041-PKH), in the case arising from the first Indictment (in 5:13-cr-50049-JLH), and in the instant case.

In the earlier case, No. 5:13-cr-50049, FPD Eddy filed a Motion for Competency Examination (Doc. 23) due to Berger's vacillation regarding his understanding of the proceedings and the advice he was given. Judge Hendren addressed this concern in depth at a hearing conducted on October 4, 2013, and it became apparent that despite some frustration regarding his circumstances, Berger and FPD Eddy had "worked through the issues." (5:13-cr-50049; Doc. 28, p. 3) Berger was satisfied with having FPD Eddy continue to represent him. (Id., p. 4) Berger admitted to having expressed an understanding of counsel's advice, only to communicate a lack of understanding shortly thereafter. (Id., p. 12) Berger's vacillation or confusion, as Judge Hendren developed, did not relate to Berger's ability to assist his defense counsel, nor to his understanding of the proceedings and his trial rights, but instead, to his frustration regarding the plea negotiations.

-11-

(Id., pp. 14-18)  More specifically, Berger's confusion was limited to his potential sentence and the possibility of a mandatory minimum sentence.  (Id., pp. 17-18)  Judge Hendren found no basis to order a mental evaluation.  (Id., p. 18)

In the present case, FPD Eddy prepared and filed a motion to suppress challenging the warrantless seizure of the computer items confiscated by the Probation Officer and the subsequent forensic examination of Berger's external hard drive.  (Doc. 14)  Upon receiving the Government's response to Berger's motion to suppress, FPD Eddy filed a reply presenting further argument in support of the motion.  (Doc. 20)   FPD Eddy responded to the Government's pre-trial motion in limine.  (Docs. 18, 23)  FPD Eddy timely filed objections to the Magistrate Judge's report and recommendations concerning Berger's motion to suppress (Doc. 25), and he filed a motion for reconsideration of the Court's Order granting the Government's motion in limine (Doc. 29).

FPD Eddy negotiated a conditional plea agreement with the Assistant United States Attorney prosecuting the case, and he carefully reviewed the plea agreement with Berger before obtaining Berger's signature on it.  (Doc. 33, ¶ 27)  The written plea agreement informed Berger of the count of conviction (charging Berger with knowing possession of child pornography in violation of 18 U.S.C. § 2252A.  (Doc. 33, ¶ 1)  Berger acknowledged that he had fully discussed with his counsel the facts of the case and the elements of the crime to which he was pleading guilty; he agreed that he had committed each of the elements of the crime to which he was pleading guilty; and, he admitted the factual basis for the plea.  (Doc. 33, ¶ 4)  The plea agreement advised Berger of his constitutional and statutory rights, including the right to persist in his plea of not guilty.  (Doc. 33, ¶ 5)  By signing the plea agreement, Berger admitted that he had entered into the plea agreement freely, voluntarily, and without reservation, and that his desire to enter a plea of guilty was not the

result of any threats or coercion.  (Doc. 33, ¶ 26)

During the change of plea hearing on January 17, 2014, Berger was sworn on oath and examined about the offense; the Court inquired of Berger about his age and level of education; inquiry was made as to whether Berger was under the influence of alcohol or drugs, and whether Berger was able to comprehend the proceedings; inquiry was made as to whether Berger was satisfied with his counsel; the possible severity of sentence was explained, as well as Berger's constitutional and statutory rights; and, upon such inquiry in open court, the Court determined that Berger's guilty plea to the Indictment was voluntary and intelligent, and that there was a factual basis to support the guilty plea.  (Docs. 32, 70)

Berger does not specifically allege in his § 2255 Motion that his claims of ineffective assistance of counsel rendered his guilty plea involuntary, unintelligent, and invalid.  Instead, Berger claims, in his first ground for relief, that had defense counsel pursued a motion to dismiss for a speedy trial violation there would be no conviction; and, in his fourth ground for relief, he claims that had defense counsel raised the issue of mental health it would have mitigated his sentence.  To the extent Berger's § 2255 Motion does not challenge the voluntary and intelligent character of his guilty plea, it is deficient and subject to dismissal. Counsel's failure to correctly appraise the constitutional significance of certain facts, or counsel's failure to pursue a particular factual inquiry that would have uncovered some possible constitutional infirmity in the proceedings, are both insufficient to support vacating a guilty plea voluntarily and intelligently entered.  *Tollett*, 411 U.S. at 267.  To the extent the allegations of his § 2255 Motion may be construed to indirectly challenge the voluntary and intelligent character of his guilty plea, the alleged claims lack merit and are subject to dismissal.

-13-

### 1. Failure to Argue Speedy Trial Violation (Ground One)

Berger first contends that defense counsel's performance was deficient because counsel failed to move for dismissal on the basis of a speedy trial violation. (Doc. 66, p. 4) Berger argues he was arrested in February, 2013; was not indicted until late-April, 2013, which Indictment was later dismissed; was indicted a second time in October, 2013; and, that he remained in custody the entire time, in violation of 18 U.S.C. § 3161. (Id.) Berger's argument ignores that he was arrested for a violation of his supervised release, and such proceedings are not subject to speedy trial guarantees.

On February 11, 2013, Judge Hendren ordered the issuance of a warrant upon a Petition for Warrant for Offender Under Supervision. (5:08-cr-50041-PKH, Doc. 13) Berger was arrested pursuant to that warrant on the same date. (5:08-cr-50041-PKH, Doc. 15) Berger had his initial appearance on February 12, 2013, at which time he requested a preliminary hearing and detention hearing. (5:08-cr-50041-PKH, Doc. 16) These hearings were held on February 14, 2013. The Court found probable cause to support Berger's violation of his supervised release, and Berger was detained pending his revocation hearing. (5:08-cr-50041-PKH, Doc. 20)

On April 24, 2013, Berger was named in a one count Indictment filed under case number 5:13-cr-50049. (5:13-cr-50049-JLH, Doc. 1) The Indictment charged Berger with one count of Online Coercion or Enticement of a Minor, in violation of 18 U.S.C. § 2242(b), for an offense allegedly occurring between February 6 - 10, 2013. The Government subsequently filed a motion to dismiss the Indictment on October 4, 2013, and the motion was granted that day. (5:13-cr-50049-JLH, Docs. 25, 26) Berger remained in custody pursuant to the detention order based on his supervised release violation. (5:13-cr-50049-JLH, Doc. 28, p. 21)

On October 30, 2013, Berger was named in the Indictment filed in the instant matter. (Doc.

-14-

1)  The Indictment charged Berger with one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), for an offense allegedly occurring on June 8, 2012.  It is that Indictment to which Berger pleaded guilty on January 17, 2014.

It is well established that a defendant who enters a guilty plea waives all non-jurisdictional defenses.  *Tollett*, 411 U.S. at 266 (guilty pleas in the *Brady*[3] trilogy were found to foreclose direct inquiry into the merits of claimed antecedent constitutional violations); *Smith v. United States*, 876 F.2d 655, 657 (8th Cir. 1989) ("In pleading guilty, a defendant waives all challenges to the prosecution except those related to jurisdiction," including claims regarding search and seizure), *cert. denied*, 493 U.S. 869, 110 S.Ct. 195, 107 L.Ed.2d 149 (1989).  Thus, under the *Tollett* line of cases, a defendant who voluntarily and intelligently enters a plea of guilty is precluded from later obtaining collateral review of antecedent non-jurisdictional defects.

Relevant to Berger's speedy trial claim, the Eighth Circuit has specifically held that an individual who elects to plead guilty, "waive[s] his right to raise any argument based on a violation of the Speedy Trial Act." *Taylor v. United States*, 204 F.3d 828, 829 (8th Cir. 2000) (citing *United States v. Cox*, 985 F.2d 427, 433 (8th Cir. 1993)).

On January 6, 2014, Berger filed a *pro se* motion for appointment of new counsel because FPD Eddy failed to file a motion to dismiss based on a speedy trial violation.  (Doc. 19)  Attached to Berger's motion was a motion to dismiss asserting double jeopardy and speedy trial violations. (Doc. 19-1)  Finding that Mr. Eddy's decision not to pursue these matters was "a tactical one that had nothing to do with the quality of Mr. Eddy's advocacy," Berger's motion for a new attorney was denied, and his motion to dismiss was denied as it improperly filed.  (Doc. 21)  Eleven days later,

---

[3] *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

Berger appeared for his conditional change of plea hearing.  (Doc. 32)

During his change of plea hearing, Berger admitted that his decision to plead guilty was voluntary and "of his own free will and accord because [he] is guilty."  (Doc. 70, p. 7)  Berger confirmed that he had reviewed the plea agreement with Mr. Eddy, and that he fully understood everything contemplated by his plea of guilty.  (Id., p. 6)  The Court explained the possible penalties, including a minimum of 10 years and a maximum of 20 years if Berger had a qualifying prior conviction.  (Id., p. 7)  The Court advised Berger of his constitutional trial rights, and Berger acknowledged an understanding that he would be waiving those rights by entering a guilty plea.  (Id., pp. 9-10)  The conditional nature of the plea was explained to Berger.  (Id., pp. 10-11)  The elements of the offense were stated; the Government provided a statement of the factual basis for the charge; and, Berger and his counsel agreed to the factual basis.  (Id., pp. 12-13)  The Court found Berger fully competent and capable of entering an informed plea, and that Berger's plea of guilty was a knowing and voluntary plea supported by an independent basis in fact containing all of the essential elements of the offense to which Berger pleaded guilty.  (Id., p. 13)  Berger is, therefore, precluded from now challenging defense counsel's alleged failure to raise the speedy trial issue – an issue that was clearly known to Berger prior to his guilty plea.

Even if the Court were to consider the merits of Berger's speedy trial claim, the argument fails.  As noted, Berger was arrested on February 11, 2013 for violating the terms and conditions of his supervised release.  The United States Supreme Court has held that "revocation of parole is not part of a criminal prosecution[,] and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).  The Supreme Court reasoned that parole arises after the end of the

criminal prosecution, including imposition of sentence; that supervision is not directly by the court, but by an administrative agency; and, that revocation deprives an individual not of the absolute liberty to which every citizen is entitled, but "only of the conditional liberty properly dependent on observance of special parole restrictions." *Id*. A determination, after preliminary hearing, that there is probable cause or reasonable grounds to believe that the parolee committed acts constituting a violation of parole conditions is sufficient to warrant the parolee's continued detention pending a final decision, which must be made following a hearing "within a reasonable time." *Id*. at pp. 487-88.

Here, Berger was arrested on February 11, 2013 for the alleged violation of his supervised release. His initial appearance was held on February 12, 2013, at which time Berger requested a preliminary hearing and detention hearing. These hearings were held two days later on February 14, 2013, and the Court found probable cause and determined that Berger should be detained pending final revocation hearing. (5:08-cr-50041-PKH, Doc. 21) A final revocation hearing was conducted on September 30, 2014, and Berger admitted the violations of his supervised release. (5:08-cr-50041-PKH, Doc. 40) In rejecting a similar argument, the Eighth Circuit held in *United States v. House*, 501 F.3d 928, 931 (8th Cir. 2007), that "the Sixth Amendment speedy trial right does not apply to supervised release revocation proceedings, which are not stages of a criminal prosecution."

After his arrest for the supervised release violation, Berger was indicted on April 24, 2013 for Online Coercion or Enticement of a Minor, in violation of 18 U.S.C. § 2242(b), for an offense allegedly occurring between February 6 - 10, 2013. (5:13-cr-50049, Doc. 1) That prosecution was later dismissed on October 4, 2013. (5:13-cr-50049, Doc. 26) Berger was then indicted in the instant case on October 30, 2013 for Possession of Child Pornography, in violation of 18 U.S.C. §

2252A(a)(5)(B) and (b)(2), an offense allegedly occurring on June 8, 2012. (Doc. 1) For time in a previously dismissed case to count against the speedy trial clock, the charges must be the same or arise from the same conduct. See 18 U.S.C. § 3161(d). Neither of these conditions are satisfied in this case. Berger was previously charged with a different offense that allegedly occurred at a different time. Therefore, the speedy trial clock did not begin to run in the instant case until his arraignment on November 4, 2013. See 18 U.S.C. § 3161(c)(1).

At Berger's arraignment, a trial date was set for January 13, 2014. (Doc. 6) Thereafter, and prior to the trial date, Berger filed his motion to suppress on December 27, 2013. (Doc. 14) Pursuant to 18 U.S.C. § 3161(h)(1)(D), the delay resulting from the filing of a pretrial motion, through conclusion of such motion, is excluded. This is clearly reflected in the Court's Order issued on December 30, 2013, which rescheduled the trial date on January 21, 2014. (Doc. 15) Berger then entered a conditional guilty plea on January 17, 2014. (Doc. 32) Accordingly, at no time did the trial clock exceed 70 days.

FPD Eddy concluded that there was no meritorious speedy trial violation to raise in this case. (Doc. 71-1) I agree. It cannot be ineffective assistance not to raise a meritless argument. *Larson v. United States*, 905 F.2d 218, 219 (8th Cir. 1990).

### 2. Failure to Argue Mental Health at Sentencing (Ground Four)

Berger also contends that counsel's performance was deficient for failing to present mental health issues at sentencing. (Doc. 66, p. 8) This argument has no merit.

First, it must be noted that Berger fails to explain exactly what mental health issues his counsel failed to present, what - if any - medications or treatment he was denied while in custody, or how any such information might have resulted in the mitigation of his sentence. Vague and

-18-

conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255.  *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986); *Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal); *Blackledge*, 431 U.S. at 74 (presentation of conclusory allegations unsupported by specifics is subject to summary dismissal); *Voytik*, 778 F.2d at 1308 (8th Cir. 1985) (vague allegations of impropriety and coercion fail to overcome the presumption of verity that attaches to representations made at plea taking); and, *Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir. 1983) (conclusory allegations are insufficient to rebut the presumption of competency granted to defense counsel).

The record also undermines Berger's claim.  At his change of plea hearing on January 17, 2014, the Court inquired of Berger if he was being treated "for any mental illness or addiction," to which Berger replied, "[n]o, sir[,] I do take Ritalin for attention deficit disorder."  (Doc. 70, p. 3) The Court followed up by asking if the Ritalin affected Berger's ability to understand the proceedings, and Berger answered "[n]o, sir."  (Id.)  The Court commented that, "[i]n fact, I think it's supposed to help you understand," and Berger replied, "[s]ir, I started to say it probably helps." (Id., p. 4)

At sentencing on September 30, 2014, Berger again informed the Court that he took Ritalin for ADD, but nothing affected his ability to understand the nature of the proceedings.  (Doc. 61, pp. 3-4)  His counsel informed the Court that Berger "takes medicine obviously, Ritalin, for ADD, and he has done this for many, many years."  (Id., p. 17)  Counsel went on to argue that, "he's had difficulty learning all of his life."  (Id., p. 18)  Acknowledging the 10-year statutory minimum, counsel nonetheless argued for "something better more custom-fitted for this particular gentleman

if the Court would see fit to do so." (Id.) During his allocution to the Court, Berger stated:

> "[a]s we discussed a moment ago, I take Ritalin for attention deficit disorder, and I have had for a long time had difficulties with impulsive behaviors, acting without thinking, poor self-image and among other things. And I would like for it to be noted in the court records that I have been seeing a counselor since shortly after I got on supervised release here in northwest Arkansas and … I believe she would tell you that I've made some progress over the years. I still have issues. But I feel like im working on them, and I would just like the Court to be aware of that…" (Id., p. 19)

Consequently, although Berger does not allege in his § 2255 Motion exactly what "mental health issues" counsel failed to present, it does appear that both he and his counsel presented such information to the Court at sentencing. Considering the record, I cannot conclude that counsel was deficient in failing to present Berger's "mental health issues" at sentencing.

More importantly, as the Government points out, Berger was sentenced to the minimum statutory sentence, so any failure to present such mitigating evidence cannot be said to have resulted in any prejudice to Berger. The Court specifically stated it was "constrained by the mandatory minimum term sentence and the Court is not given the authority to depart below a mandatory minimum sentence." (Doc. 61, p. 18)

Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts are not bound by mechanistic rules in evaluating ineffective assistance of counsel claims, *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) ("do not ... need to address the performance prong if petitioner does not affirmatively prove prejudice."). Thus, a court need not determine whether a defendant's counsel acted reasonably if a defendant has failed to show prejudice, as a lack of prejudice can be dispositive. *United States v. DeRoo*, 223 F.3d 919, 925 (8th Cir. 2000), citing *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). If it is easier to dispose of an

ineffectiveness claim for lack of prejudice, the court should do it. *Strickland*, 466 U.S. at 697; *Whitehead v. Dormire*, 340 F.3d 532, 537 (8th Cir. 2003). Berger has failed to show how any further presentation of his "mental health issues" could have resulted in a lesser sentence, so there is no showing of prejudice and this claim fails.

**B.  Validity of Guilty Plea Due to Confusion Regarding Possible Sentence (Ground Two)**

Berger asserts "[t]here was much confusion regarding [the] possible sentence," stating that he was initially informed the charge carried one sentence, but that when he went to accept a plea deal he was informed of a mandatory minimum sentence of 10 years. (Doc. 66, p. 5)  Berger alleges "[t]he Judge refused this plea deal because of this discrepancy;" that he was then offered another plea to 10 years, which he refused; and, that counsel advised him if he refused "the charge would likely be changed from possession (10 years man. min.) to production (15 years man. min.) facing even more time [I] signed this 2nd plea agreement." (Id.)  He further alleges that his federal public defender advised him there was nothing that could be done to go below the mandatory minimum sentence of 10 years, but that his retained counsel assured him it was possible to go below a mandatory minimum sentence.  (Id.)  Construing Berger's allegations liberally, he appears to challenge the voluntary and intelligent nature of his guilty plea.  The record demonstrates that this claim has no merit.

To be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent. *Parke v. Raley*, 506 U.S. 20, 28-29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992) (holding that "guilty plea must be both knowing and voluntary" and must be a "voluntary and intelligent choice among the alternative courses of action" available to defendant).  Because a guilty plea constitutes a waiver of three constitutional rights – the right to jury trial, the right to confront one's accusers, and the

privilege against self-incrimination – it must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Brady*, 397 U.S. at 748. A defendant's plea is valid if the record demonstrates that he "understood the charges against him, was not dissatisfied with the services rendered by his attorney, and entered his plea knowingly and voluntarily." *United States v. McNeely*, 20 F.3d 886, 888 (8th Cir. 1994) (per curiam).

When asked by Judge Hendren on October 4, 2013 whether he wanted the Court to approve the written plea agreement Berger had signed in Case No. 5:13-cr-50049, Berger initially responded "I guess so ... I don't know." (5:13-cr-50049-PKH, Doc. 28, p. 8) When questioned further by Judge Hendren if he intended to plead guilty, Berger stated, "[y]es, sir." (Id., p. 9) Berger then reconsidered and stated that he did not wish to go forward with his plea agreement in that case. (Id., pp. 9-10) Contrary to Berger's allegation in his § 2255 Motion, Judge Hendren did not "refuse the plea deal" because of a sentencing discrepancy, but because of Berger "oscillating back and forth." (Id., p. 10) Relevant to Berger's pending claim, the colloquy between Judge Hendren and Berger on October 4, 2013 demonstrates that Berger understood he did not have to enter a guilty plea if he was confused about the circumstances or the consequences of doing so.

After the dismissal of Case No. 5:13-cr-50049-PKH, and then being indicted in the instant case, Berger and his counsel again negotiated a written plea agreement. At the change of plea hearing on January 17, 2014, Berger admitted that his decision to plead guilty was voluntary and "of his own free will and accord because [he] is guilty." (Doc. 70, p. 7) He affirmed that he had reviewed the plea agreement with counsel, and that he fully understood everything contemplated by his plea of guilty. (Id., p. 6) The Court explained the possible penalties to Berger, including a minimum of 10 years and a maximum of 20 years if Berger had a qualifying prior conviction. (Id.,

p. 7)  The Court advised Berger of his constitutional trial rights, and Berger acknowledged an understanding that he would be waiving those rights by entering a guilty plea.  (Id., pp. 9-10)  The conditional nature of the plea was explained to Berger.  (Id., pp. 10-11)  The elements of the offense were stated; the Government provided a statement of the factual basis for the charge; and, Berger and his counsel agreed to the factual basis.  (Id., pp. 12-13)  The Court found Berger fully competent and capable of entering an informed plea, and that Berger's plea of guilty was a knowing and voluntary plea supported by an independent basis in fact containing all of the essential elements of the offense to which Berger pleaded guilty.  (Id., p. 13)

From this record, I conclude that Berger was sufficiently aware of the relevant circumstances and the likely consequences of his guilty plea, including the mandatory minimum and statutory maximum sentence, and that he made a "voluntary and intelligent choice among the alternative courses of action" available to him.

To the extent Berger claims some confusion concerning his potential sentence because of conflicting advice given by FPD Eddy (i.e., the Court cannot go below mandatory minimum) and retained counsel Davis (i.e., the Court can go below mandatory minimum), the record shows that Mr. Davis was not engaged as defense counsel until April 11, 2014.  (Doc. 38)  This was almost three months after Berger's change of plea hearing.  Consequently, any advice Mr. Davis gave to Berger months after he entered his guilty plea would have had no effect on the knowing, voluntary, and intelligent nature of Berger's guilty plea.

Accordingly, I conclude that Berger's plea of guilty was knowing, voluntary, and intelligent, and this claim is subject to summary dismissal.

### C.  Fourth Amendment Violations (Ground Three)

Berger next claims that his Fourth Amendment rights were violated by U.S. Probation conducting and illegal search and seizure.  (Doc. 66, pp. 7, 14)  In essence, Berger complains that the items seized by U.S. Probation were not in plain view, that the search and seizure thus went beyond the scope of the general terms and conditions of his supervised release, and that the subsequent forensic examination of the external hard drive was done without having a warrant. (Doc. 66, p. 14)  These issues were raised in Berger's motions to suppress (Docs. 14, 45) and, pursuant to his conditional plea, Berger raised the issues on direct appeal.  Berger is precluded from raising them again in this proceeding.

"With rare exceptions, § 2255 may not be used to re-litigate matters decided on direct appeal." *Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011), citing *Davis v. United States*, 417 U.S. 333, 346-47, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974).  Claims previously litigated and decided adversely to a criminal defendant on direct appeal may not be re-litigated in a § 2255 proceeding. *Woods v. United States*, 567 F.2d 861, 863 (8th Cir. 1978) (citing *Scott v. United States*, 545 F.2d 1116, 1117 (8th Cir. 1976), *cert. denied*, 429 U.S. 1111, 97 S.Ct. 1148, 51 L.Ed.2d 565 (1977)).

The very Fourth Amendment issues now raised by Berger in this § 2255 proceeding were raised and decided adversely to him on direct appeal.  In his reply to the Government's response, Berger asserts that one aspect of this claim – that is was unreasonable for the Government to go back and conduct a warrantless forensic examination of the external hard drive after the Probation Officer told him that no new law violations were found – was not addressed.  (Doc. 77, p. 9) This contention affords Berger no relief, as the record clearly demonstrates that Berger challenged the forensic

examination of the external hard drive in his motions to suppress and on direct appeal.  (Doc. 14, pp. 7-9; Doc. 20, pp. 10-12; Doc. 25, pp. 10-11; Doc. 45; Doc. 63-1)  He may not do so again now.

### D.  No Evidentiary Hearing Is Warranted

A movant is not entitled to an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." *Nguyen*, 114 F.3d at 703 (quoting *Voytik*, 778 F.2d at 1308).  Such are the circumstances in this case. Accordingly, I recommend the summary dismissal of Berger's § 2255 Motion without an evidentiary hearing.

### E.  No Certificate of Appealability is Warranted

A Certificate of Appealability may issue under 28 U.S.C.§ 2253 only if the applicant has made a substantial showing of the denial of a constitutional right.  A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case at present.  *Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

For the reasons discussed above, I conclude that Berger has not made a substantial showing of the denial of a constitutional right, and a Certificate of Appealability should be denied.

### III.  Conclusion

I recommend that Berger's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 66) be **DISMISSED with PREJUDICE**.  I further recommend that a request for a Certificate of Appealability be denied.

**The parties have fourteen (14) days from receipt of this Report and Recommendation**

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely

written objections may result in waiver of the right to appeal questions of fact.  The parties are

reminded that objections must be both timely and specific to trigger de novo review by the

district court.

      DATED this 12th day of June, 2017.

                    /s/ *Mark E. Ford*

                    HONORABLE MARK E. FORD
                    UNITED STATES MAGISTRATE JUDGE