UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                          No. 5:13-CR-50096

ALAN W. BERGER                                                                        DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant Alan W. Berger's motion (Doc. 95) to reduce his sentence pursuant to 18 U.S.C. § 3582(c). No response has been filed and the deadline to respond has passed. The motion will be denied.

The Court may modify a term of imprisonment on motion by the defendant if: (1) the defendant has exhausted his or her administrative remedies; (2) extraordinary and compelling reasons warrant such a modification; and (3) the sentencing factors outlined in § 3553(a) support modification. 18 U.S.C. § 3582(c). It appears Defendant exhausted his administrative remedies. However, the motion does not show that extraordinary or compelling reasons exist and warrant a sentence reduction. Even if extraordinary and compelling reasons did exist, Defendant fails to show that the § 3553(a) factors support a reduction.

This Court has repeatedly held that the circumstances surrounding the COVID-19 pandemic may in certain cases give rise to extraordinary and compelling reasons for a sentence reduction. Defendant argues he suffers from intense anxiety, depression, and adult attention deficit disorder (ADD). He suggests that these mental health issues could potentially lead to high blood pressure placing him at higher risk of complications were he to contract the coronavirus. This argument is far too speculative to establish extraordinary and compelling reasons under § 3582(c). Defendant's argument he needs to care for his elderly parents is likewise unavailing. Defendant

1

fails to show his parents cannot seek adequate care without him.  Defendant has not shown extraordinary and compelling reasons exist to warrant a reduction of his sentence.

Even if extraordinary and compelling reasons did exist, Defendant fails to show the sentencing factors under § 3553(a) support modification.  In 2013, Defendant pled guilty to possession of child pornography.[1]  The Court sentenced Defendant to a term of imprisonment of 120 months (the mandatory minimum) and 10 years of supervised release.  The instant offense occurred while Defendant was on supervised release following a conviction of using a means of interstate commerce for purposes of persuading a minor to engage in sex.  United States Probation Officers ("USPO") conducted a home visit and discovered Defendant had access to the internet, a violation of a condition of his supervised release.  USPO seized an external hard drive containing videos and images of child pornography.

The Court imposed a sentence of 120 months after it determined a significant sentence was necessary to protect the public—especially children.  Defendant fails to demonstrate how the danger he posed to the public at sentencing is now reduced or absent.  Defendant clearly has a habit of disobeying the law while on supervised release and also fails to demonstrate that he does not pose a risk of recidivism.  The Court cannot find on this motion that reducing Defendant's sentence 12 months will adequately accomplish the aims of the § 3553(a) factors.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 95) is DENIED.

IT IS SO ORDERED this 22nd day of July, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

---

[1] Seven months after pleading guilty, Berger filed a motion to withdraw his plea, which the Court denied. (Doc. 48).