UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED SATES OF AMERICA                                            PLAINTIFF

v.                               No. 5:13-CR-50096

ALAN W. BERGER                                                     DEFENDANT

## ORDER

Before the Court is Defendant's motion (Doc. 97) to modify special conditions of supervised release.  The Government has not filed a response, but no response is necessary. Defendant argues the special conditions of his supervised release create an ambiguity about his access to electronic devices, and Defendant requests the Court modify the special conditions to allow him internet access.  The motion will be denied.

On September 30, 2014, Defendant was sentenced to 120 months imprisonment and 10 years supervised release.  Defendant's term of supervised release contained five special conditions of supervision.  Special Conditions 1 and 5 are the basis for Defendant's pending motion.  Special Condition 1 states

> The defendant shall submit his person, residence, place of business or employment, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to a search conducted by the U.S. Probation Office based upon reasonable suspicion of criminal activity or violation of any condition of supervised release.

(Doc. 51, p. 4).  Special Condition 5 states

> [e]xcept for purposes of employment, the defendant shall not possess, use, or have access to a computer or any other electronic device that has internet or photography capabilities, without prior written approval of the U.S. Probation Office.

*Id.*

1

Defendant argues that because Special Condition 1 requires Defendant to submit his computer or other electronic communication or data storage devices but Special Condition 5 prohibits Defendant from possessing, using, or accessing a computer, the special conditions are ambiguous.  The Court disagrees.  Special Condition 5 allows Defendant to use or possess computers or electronic devices for employment purposes or with prior approval by the U.S. Probation Office.  If approval is given or a device is possessed for employment purposes, Special Condition 1 would allow the Probation Office to search any such device.

Defendant further requests modification of Special Condition 5 to allow Defendant internet access.  Defendant argues internet access is necessary because "it is almost impossible to live in the world today" without internet access.  (Doc. 97, p. 1).  Special Condition 5 does not prohibit all internet access, instead, the condition allows the U.S. Probation Office the discretion to approve Defendant's possession, use, or access to a computer or any other electronic device that has internet capabilities.  If Defendant believes internet access is necessary, he may request permission from the U.S. Probation Office.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 97) is DENIED.

IT IS SO ORDERED this 7th day of December, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

2