UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                      No. 5:13-cr-50096

ALAN BERGER                                                                                  DEFENDANT

**OPINION AND ORDER**

Before the Court are the Government's motion (Doc. 138) for disclosure of polygraph statements, Defendant Alan Berger's response (Doc. 139) in opposition, and the Government's reply (Doc. 140). On September 30, 2014, Mr. Berger was sentenced to 120 months of imprisonment and 10 years of supervised release for knowingly possessing child pornography. *See* Doc. 51. Mr. Berger was released from prison and began his term of supervised release on August 17, 2021. *See* Doc. 99. On May 25, 2022, Mr. Berger was adjudicated guilty of violating his conditions of supervision by possessing internet-capable devices without prior approval from the Probation Office and leaving the district without permission. *See* Doc. 111. His supervision was revoked and he was sentenced to 18 months of imprisonment with 10 years of supervised release to follow. *See id.* On July 25, 2023, Mr. Berger was released from prison and began his new term of supervision. *See* Doc. 124, p. 1.

Five months later, this Court issued a summons for Mr. Berger to appear and show cause why his supervision should not be revoked, because the Probation Office alleged he had committed multiple violations of his conditions of supervised release, including repeatedly leaving this judicial district without permission and possessing internet-capable devices without prior approval. *See id.* at 2–3. On January 19, 2024, United States Magistrate Judge Christy Comstock

1

conducted a detention hearing and ordered that Mr. Berger be detained pending his final revocation hearing, which will be held on March 13, 2024.  *See* Docs. 129, 136, 145.

The Government's motion asserts that at the detention hearing, a probation officer testified that during an October 17, 2023 pre-polygraph interview Mr. Berger admitted to using a cell phone to access and view child sexual abuse material.  The Government asks this Court to order the Probation Office to provide the documents reflecting this admission to the prosecution and defense, "so that the parties can make an informed decision as to the documents['] admissibility in the upcoming revocation hearing."  *See* Doc. 138, p. 1.  Mr. Berger opposes this request on the grounds that the documents are clearly inadmissible and that ordering their disclosure would undermine the policy on which polygraph testing as a condition of supervision is based.

Mr. Berger is correct that the results of polygraph testing are almost never admissible at trial, or permitted to be considered for sentencing purposes, due to their inherent unreliability.  *See, e.g.*, *Ortega v. United States*, 270 F.3d 540, 548 (8th Cir. 2001).  But the Government is also correct that this is somewhat beside the point, as admissions made during a pre-polygraph interview are not themselves the results of any polygraph examination that followed them.  *Cf., e.g.*, *Wyrick v. Fields*, 459 U.S. 42, 48 n.* (1982) ("Although the results of the polygraph examination might not have been admissible evidence, the statements Fields made in response to questioning during the course of the polygraph examination surely would have been.").  However, there is yet a further distinction which ultimately weighs against ordering production of the documents evidencing Mr. Berger's admissions in this particular case: this is a revocation proceeding and the admissions at issue were made in compliance with a condition of supervised release.  The Eighth Circuit has clearly stated that "[i]n the supervised release context, 'polygraph testing is for treatment, not for evidence at trial or sentencing.'"  *United States v. Sanchez*, 44 F.4th 1100, 1104 (8th Cir. 2022).

And while the Eighth Circuit routinely approves the imposition of special conditions requiring sex offenders to submit to polygraph tests administered by their probation officers, such approval is contingent on the condition being imposed as "a preventative measure" and that the polygraph testing "not . . . be used to ensnare people." *See id.* (approvingly quoting the district court below on this point).  If a supervisee's compliance with the condition that he submit to polygraph examinations (which necessarily include participating in a pre-examination interview) were to then be used as part of the basis for revoking his supervision and sentencing him in those revocation proceedings, then that would definitionally constitute using his polygraph-testing condition "for evidence at trial or sentencing" and to "ensnare" him rather than "for treatment" and as "a preventative measure."  As such, given the Eighth Circuit's guidance on this issue, the Court believes it would be an abuse of its discretion to consider these particular admissions at Mr. Berger's revocation hearing.  Therefore, the Court will not admit them, and thus there is no reason to order their production here.

None of this is to say that these materials can never be admissible in some other proceeding. *Cf. Minnesota v. Murphy*, 465 U.S. 420 (1984) (ruling that certain incriminating admissions made during a polygraph test were admissible in a subsequent criminal prosecution).  Nor is the Court ruling that other independent evidence of the conduct that Mr. Berger allegedly admitted (for example, data produced from a forensic examination of the cell phone at issue) would be inadmissible in the instant proceeding.  The Court is simply ruling that it will not consider these particular admissions of Mr. Berger at his revocation hearing in this case.

IT IS THEREFORE ORDERED that the Government's motion for disclosure of polygraph statements (Doc. 138) is DENIED.

3

IT IS SO ORDERED this 6th day of February, 2024.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE